UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EMPIRE STATE ETHANOL AND
ENERGY, LLC,

              **Plaintiff,**             1:08-CV-623
                                                  (GLS/DRH)

              **v.**

**BBI INTERNATIONAL; MIKE BRYAN,** *Individually and in his capacity as Chief Executive Officer*, **MARK YANCEY,** *Individually and in his capacity as Vice President of Project Development, BBI International*; **ALBANY RENEWABLE ENERGY, LLC; BIO-PRO RESOURCES, LLC,** *on its own behalf and in its capacity as Member Albany Renewable Energy, LLC*; **JEFF KISTNER,** *Individually and in his capacity as Member of Bio-Pro Resources, LLC, and/or Albany Renewable Energy, LLC*; **ED STAHL,** *Individually and in his capacity as Member of Bio-Pro Resources, LLC, and/or Albany Renewable Energy, LLC,*

              **Defendants.**
_____

**APPEARANCES:**                               **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Hiscock, Barclay Law Firm          WILLIAM A. HURST, ESQ.
50 Beaver Street
Fifth Floor
Albany, NY 12207-2830

**FOR DEFENDANTS:**

**Jeff Kistner**
Hancock, Estabrook Law Firm    MICHAEL J. SCIOTTI, ESQ.
1500 AXA Tower 1
Syracuse, NY 13221

**Ed Stahl, Albany Renewable Energy, LLC, Bio-Pro Resources, LLC**
Hoffmann, Hubert Law Firm    TERRANCE J. HOFFMANN, ESQ.
4629 Onondaga Boulevard
Syracuse, NY 13219

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER
### I. Introduction

Pending before the court are defendants Albany Renewable Energy, LLC; Bio-Pro Resources, LLC; Jeff Kistner; and Ed Stahl's (collectively the "non-arbitrating defendants") motions for a discretionary stay of this action, pending arbitration of plaintiff Empire State Ethanol and Energy, LLC's ("Empire") claims against defendants BBI International ("BBI"), Mike Bryan ("Bryan") and Mark Yancey ("Yancey"). For the reasons that follow the motions are granted.

### II. Background

The court assumes the parties' familiarity with the underlying facts of this case, which are provided in *Empire State Ethanol and Energy, LLC v. BBI Int'l*, No. 1:08-CV-623, 2009 WL 790962 (N.D.N.Y. Mar. 20, 2009), and will not be recited in detail here. The gravamen of the action is that defendants violated Empire's rights by conspiring to build an ethanol plant in Albany, New York, while contractually obligated to assist Empire in locating and constructing a similar plant in New York pursuant to a project development agreement ("PDA"). (*See generally* Am. Compl., Dkt. No. 17.) On March 20, 2009, this court ordered that Empire's claims against BBI, Bryan and Yancey be submitted to arbitration pursuant to an arbitration clause in the PDA. (*See* Dkt. No. 48.) It further stayed this action against BBI, Bryan and Yancey pursuant to 9 U.S.C. § 3. *Id.* However, the court declined to order arbitration of Empire's claims against the non-arbitrating defendants, and, correspondingly, did not stay the action under 9 U.S.C. § 3 as to these defendants. *Id.* Further, while the court noted that it had the power to issue a discretionary stay as to the non-arbitrating defendants, no such stay was entered due to defendants' failure to satisfy the required elements. *Id.* Nonetheless, the court granted the non-arbitrating defendants leave to make a renewed motion seeking a

3

discretionary stay.  *Id.*  Such motions are presently before the court.  (*See* Dkt. Nos. 53, 56.)

### III.  Discussion

A district court has the discretionary power to stay actions before it where issues in the case may be determined in a pending arbitration proceeding.  *See Citrus Marketing Bd. of Isr. v. J. Lauritzen A/S*, 943 F.2d 220, 225 (2d Cir. 1991); *Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbrandtsen Co.*, 339 F.2d 440, 441-42 (2d Cir. 1964).  Factors to be addressed in determining whether such a stay is justified include: 1) whether there are common issues between the arbitration and the litigation; 2) whether those issues are likely to be resolved in arbitration; 3) whether the failure to grant a stay will prejudice the defendant; and 4) whether the stay will prejudice the plaintiff.  *See WorldCrisa Corp. v. Armstrong*, 129 F.3d 71 (2d Cir. 1997); *Sierra Rutile Ltd. v. Katz*, 937 F.2d 743, 750 (2d Cir. 1991).  Consideration of these factors in the present instance convinces the court that a discretionary stay is appropriate here.

### A.  Commonality of Issues to be Resolved in Arbitration

All parties recognize that there are numerous issues in this litigation which will most likely be resolved in arbitration.  Indeed, the crux of the

4

claims against both the arbitrating and non-arbitrating defendants arises out of the same alleged conspiracy to undermine Empire's ethanol plant project. Nevertheless, Empire contends that certain aspects of its case against the non-arbitrating defendants will not be addressed in arbitration, such that a discretionary stay should be denied. The court cannot agree.

First, Empire asserts that some of its claims against the non-arbitrating defendants implicate issues of collusion and bid rigging in the Port of Albany ethanol plant proposal independent of any claim which will be arbitrated against BBI, Bryan or Yancey. As the non-arbitrating defendants note, however, there is no indication in Empire's amended complaint that collusion with the Port Authority or bid rigging is at issue in this action. Nor does Empire present anything more than tepid allegations that these novel theories are independent of the non-arbitrating defendants' alleged conspiracy with BBI. Accordingly, such issues do not preclude the issuance of a stay.

Empire further points out that its tortious interference with contract claim - which accuses the non-arbitrating defendants of enticing BBI to breach its contracts with Empire - will not be resolved in arbitration. This may be so; nonetheless, "stay orders are [] appropriate if the arbitrable

5

claims predominate the lawsuit and the nonarbitrable claims are of questionable merit."  *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 856 (2d Cir. 1987).  Here, Empire's tortious interference claim is clearly insignificant when compared to those issues which will be arbitrated. Further, this claim is inconsistent with the prevailing theme of the amended complaint, which indicates that BBI actually initiated and controlled the conspiracy to compete for the Albany plant site in alleged violation of Empire's rights.  (*See, e.g.*, Am. Compl. ¶ 29, 70-77, 142; Dkt. No. 17.) Thus, the predominant nature of arbitrable issues and the questionable nature of Empire's non-arbitrable claims weigh in favor of a discretionary stay.

**B.     Prejudice to Defendants**

Next, the non-arbitrating defendants assert that the failure to issue a stay will result in prejudice because they will likely be subjected to the expense and burden of duplicative discovery and unnecessary litigation. Empire contends that such hardships are insufficient to justify a discretionary stay, especially as the non-arbitrating defendants are seemingly persons and entities of substantial financial means.  However, numerous courts have recognized that a stay is strongly preferred where

6

litigation parallel to arbitration "would involve significant expense and inconvenience and might adversely affect the outcome of" the arbitration. *WorldCrisa Corp.*, 129 F.3d at 76; *Provident Bank v. Kabas*, 141 F. Supp. 2d 310, 318-19 (E.D.N.Y. 2001).  Such would clearly be the case here if litigation and arbitration were to proceed simultaneously.  Accordingly, the non-arbitrating defendants have adequately established that the failure to issue a stay would result in prejudice.

### C.      Prejudice to Plaintiff

In order to show that a discretionary stay will not prejudice the plaintiff, the moving party must prove that it has "not taken nor will take any steps to hamper the progress of the arbitration proceeding, that the arbitration may be expected to conclude within a reasonable time, and that such delay will not [cause] undue hardship."  *Nederlandse*, 339 F.2d at 442.  Here, the non-arbitrating defendants have averred that they will not interfere with arbitration.  Despite this, Empire contends that it will be prejudiced by the entry of a stay because it will indefinitely delay litigation of its claims against the non-arbitrating defendants.  Obviously, Empire could significantly allay such fears if it would actually begin the arbitration process.  In any event the court will entertain a motion to vacate the stay if

7

arbitration is not completed within six months of its initiation, assuming neither side has engaged in dilatory tactics. As such, the court finds that a discretionary stay will not prejudice Empire.

### IV. Conclusion

The court finds that a discretionary stay of the claims against the non-arbitrating defendants is entirely appropriate given the predominant nature of the issues in arbitration, the prejudice to the non-arbitrating defendants if a stay is not granted, and the lack of harm to Empire from such a stay.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the non-arbitrating defendants' motions for a discretionary stay (Dkt. Nos. 53, 56) are granted; and it is further

**ORDERED** that the Clerk of the Court stay this action pending further order of the court; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties by regular mail.

**IT IS SO ORDERED.**

Albany, New York
Dated: June 25, 2009

_____
United States District Court Judge